Donald S. Taylor, J.
In this proceeding under article 78 of the Civil Practice Act the petitioner seeks to review a determination of the respondent Superintendent of Insurance of the State of New York whereby he denied petitioner’s application for payment from the Stock Workmen’s Compensation Security Fund (hereinafter referred to as stock fund) of the amount of an additional award made to the widow of petitioner’s employee by the Workmen’s Compensation Board and paid by petitioner to the Aggregate Trust Fund. (See Matter of Koehler v. Armour & Co., 283 App. Div. 500.)
When the original compensation award was made the petitioner was insured in Western Casualty Company (hereinafter referred to as Western) which voluntarily withdrew its right to do business in the State of New York on July 1,1941 and was dissolved in the State of Illinois on April 30, 1946. Concededly, it thereby became an insolvent stock carrier within the meaning of article 6-A of the Workmen’s Compensation Law.
Prior to the making of the additional award, Western and Liberty Mutual Insurance Company (hereinafter referred to as Liberty) entered into a contract which provides as follows:
“ Contract of reinsurance between the Western Casualty Company of Chicago, Illinois, an Illinois corporation (hereinafter called the Company) and the Liberty Mutual Insurance Company of Boston, Massachusetts, a Massachusetts corporation (hereinafter called the Reinsurer):
1 ‘ In consideration of the payment of the premium hereinafter provided and the respective agreements hereinafter set forth the parties hereto agree as follows:
‘£ section one The Reinsurer hereby reinsures all obligations of the Company incurred or to be incurred under Workmen’s Compensation Policies issued to employers in the State of New York, subject to the terms, conditions and limitations of said policies.
££ section two The Company shall issue no new policies in the State of New York after the effective date of this contract of reinsurance.
£ ‘ section three The Company shall pay to the Reinsurer as premium for this reinsurance a sum equal to all amounts the Reinsurer is required to pay for losses and loss adjustment expenses under Section One of this contract of reinsurance plus fifteen (15) per cent of said losses and loss adjustment expenses. The minimum premium for this policy will be $100.00 (One Hundred Dollars).
“ section four The Reinsurer and the Company agree that the obligations of the Company under the policies described in *641 Section One shall be deemed direct obligations of the Reinsurer and enforceable as such by any person, firm, corporation or association in whose favor the same may at any time exist.
“ section five The Reinsurer and Company agree that this contract of reinsurance shall be binding upon and inure to the benefit of their successors and assigns.
“In witness wheeeof the parties hereto have caused this contract of reinsurance to be executed in duplicate this 18th day of May in the year one thousand nine hundred and forty-two.”
On May 19,1942 the petitioner executed the following instrument:
‘ ‘ ageeement of Armour & Company, an Illinois Corporation, hereinafter called Armour, with Liberty Mutual Insurance Company, a Massachusetts Corporation, hereinafter called the Company:
“In consideration of the Company’s entering into the contract of reinsurance, copy of which is annexed, with the Western Casualty Company, Armour hereby agrees that if, because of liquidation or any other reason, the Western Casualty Company fails to fulfill its obligations under section thebe of said contract of reinsurance Armour will pay the Company upon demand whatever sums are then due or thereafter become due under SECTION THEBE.”
Section 107 of article 6-A of the Workmen’s Compensation Law provides for the creation of the stock fund as the source of payment of awards and benefits remaining unpaid by reason of the insolvency of a stock insurance carrier authorized to transact the business of workmen’s compensation insurance in this State and then reads: ‘ ‘ but such fund shall not be applicable to the payment of any amounts due under any policy of reinsurance issued to an insurance carrier.”
The sole question posed by this proceeding is one of law, viz., whether the contract entered into between Western and Liberty constitutes a policy of reinsurance within the purview of section 107 and thereby bars the petitioner’s claim for reimbursement from the stock fund as a subrogated employer under subdivision 4 of section 109-c for the amount of the additional award which it has paid. The problem at hand was not considered by the appellate court in Matter of Koehler (283 App. Div. 500, supra) which dealt with the liability of an employer under section 53 of the Workmen’s Compensation Law. This is made manifest by the following quotation from its opinion: “Nonetheless, the matter of payments from the Stock Fund requires an application by the Chairman of the Workmen’s Compensation Board *642 or by a party in interest. Then, presumably, there must be a determination in the first instance whether or not the case falls within the provisions of article 6-A.’ ’ (P. 503.)
The respondent has refused to authorize the reimbursement from the stock fund which petitioner seeks on the ground that the contract is in statutory effect a policy of reinsurance applicable to the payment of the award in question.
The petitioner contends that the instrument constitutes what it terms a “ deposit release contract ” the purpose of which was to permit the return of Western’s statutory deposit.
By the express, precise and absolute provisions of its contract Liberty reinsured all obligations of Western “ incurred or to be incurred under Workmen’s Compensation Policies issued to employers in the State of New York” and agreed that such obligations of the original insurer under its policies “ shall be deemed direct obligations of the Reinsurer and enforceable as such by any person, firm, corporation or association in whose favor the same may at any time exist.” It is clear that the instant additional award became a direct obligation which Liberty fully assumed under the terms of its contract of reinsurance with Western which is not defeated through the private agreements of the insolvent insurer, reinsurer and indemnitor in respect to the ultimate responsibility for its payment. The respondent was right in denying the petitioner’s application for recoupment. Accordingly, the petition is dismissed on the merits, without costs.
Submit order.